Filed 6/4/14  P. v. Kaiserman CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BRANDON COLE KAISERMAN,<br><br>Defendant and Appellant. | F066212<br><br>(Super. Ct. No. 12CM1580)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Thomas DeSantos, Judge.

Donna J. Hooper, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Poochigian, Acting P.J., Franson, J. and Peña, J.

Appellant, Brandon Cole Kaiserman, pled no contest to possession for sale of methamphetamine (Health & Saf. Code, § 11378) and admitted allegations that he had a prior conviction within the meaning of the three strikes law (Pen. Code, § 667, subds. (b)-(i)).[1] Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On May 4, 2012, at approximately 5:45 p.m., Kings County Sheriff's Deputy Richard Oliver received an anonymous tip that Kaiserman, a parolee at large, was staying at a house in Armona. After confirming with dispatch that Kaiserman had an outstanding no-bail warrant, Deputy Oliver and other deputies went to the residence and took Kaiserman into custody. During a search of Kaiserman, Deputy Oliver found a piece of plastic tied up into a small ball. Deputy Oliver unraveled the ball and found it contained five bindles of methamphetamine, which he later determined weighed a combined total of 1.5 grams. As Deputy Oliver placed Kaiserman into the back seat of his patrol car, Kaiserman spontaneously stated, "I knew I should of threw [sic] that shit out."

On July 31, 2012, the district attorney filed an information charging Kaiserman with possession for sale of methamphetamine (count 1), possession of methamphetamine (count 2/Health & Saf. Code, § 11377, subd. (a)), two prior prison term enhancements (§ 667.5, subd. (b)), and having a prior conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

On August 28, 2012, Kaiserman pled guilty to the possession for sale charge and admitted the three strikes allegation in exchange for the dismissal of the remaining count and enhancements and a stipulated prison term of four years.

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

On September 26, 2012, the court sentenced Kaiserman to the stipulated four-year term, the middle term of two years doubled to four years because of Kaiserman's prior strike conviction.

Kaiserman's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*Wende, supra,* 25 Cal.3d 436.) Kaiserman has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.